Daniel E. Fitzpatrick, J.
Motion by defendant St. John’s Queens Hospital to dismiss the complaint for lack of prosecution.
This is an action by the female plaintiff to recover damages in the sum of $25,000 for personal injuries allegedly sustained as the result of the individual defendant’s malpractice and the moving defendant’s negligence, and by the male plaintiff to recover damages in the sum of $5,000 for loss of services. The action was commenced by service of a summons on September 21, 1962. The complaint was served on October 30, 1963 and issue was joined on November 7, 1963.
The 45-day written demand required to be served by CPLR 3216 as a condition precedent to dismissal for lack of prosecution was served by mail on plaintiffs’ attorneys on August 31, 1964. They did not comply with that demand. This motion was made on October 26, 1964.
The only paper submitted in opposition to the motion is a one-page affidavit by one of plaintiffs’ attorneys in which he states as follows:
“ Plaintiff [s] have been hampered in their efforts to obtain the necessary medical evidence to sustain the allegations of the complaint. Notwithstanding the delay in obtaining the evidence deponent is serving and filing the note of issue herein before the return of this motion.
“ Plaintiffs intend in good faith to prosecute this action and they should not be denied their day in court by reason of the *582 inability of counsel to obtain the necessary evidence to sustain the allegations of the complaint. ’ ’
Such a showing is not sufficient to require, or even to permit, a denial of the motion. The 45-day written demand required by CPLB 3216 was duly served by the moving defendant. A note of issue was not served and filed ' ‘ within forty-five days after the service of such demand”. This motion to dismiss followed. The last sentence of CPLB 3216 specifically provides that if ‘ ‘ isuch a note of issue is not served and filed within such forty-five days, the court may grant such motion unless the pla/mtiff shows justifiable excuse for delay and a good and meritorious cause of action.'” (Emphasis supplied.)
Plaintiffs have not met either of those requirements. The court realizes that the medical evidence necessary to sustain the allegations of a complaint in this type of action may not be as readily obtainable as it is in the ordinary personal injury action. But the last conduct complained of by plaintiffs apparently took place on or about October 27, 1960 and the action was commenced on September 21, 1962. In that setting especially, a conclusory statement that plaintiffs ‘' have been hampered in their efforts ” to obtain such evidence hardly suffices as a showing of justifiable excuse, and no affidavit of merits has been submitted. The serving and filing of a note of issue before the return day of a motion to dismiss under recently amended CPLB 3216, but after the expiration of the 45-day period, is no more, by itself, an excuse for the delay charged than it would have been under the law theretofore prevailing (see Sortino v. Fisher, 20 A D 2d 25, 30-31).
Accordingly, the motion is granted which leave to plaintiffs, if so advised, promptly to move to vacate the order of dismissal upon papers which show a ‘ justifiable excuse for delay and a good and meritorious cause of action ” (CPLB 3216).